UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEN AUSTIN,

    Plaintiff,

v.                                                                                       Case No.  8:20-cv-1472-T-60TGW

METRO DEVELOPMENT GROUP, LLC,
And JOHN RYAN,

    Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
"DEFENDANTS' MOTION TO DISMISS COMPLAINT"**

This matter is before the Court on "Defendants' Motion to Dismiss Complaint," filed on July 22, 2020.  (Doc. 10).  On July 31, 2020, Plaintiff filed a response in opposition.  (Doc. 11).  On September 3, 2020, the Court held a hearing to address this matter.  (Doc. 19).  After reviewing the motion, response, court file, and the record, the Court finds as follows:

**Background**[1]

In 2014, Plaintiff Jen Austin began working for Defendant Metro Development Group, LLC ("Metro") as its marketing director.  According to Plaintiff, she was directed by Chief Executive Officer John Ryan to form an LLC to work for Metro and collect compensation.  She generally alleges that Metro improperly classified her as an independent contractor rather than an employee.

---

[1] The Court accepts the well-pleaded facts in Plaintiff's complaint as true for purposes of the pending motion to dismiss, but it does not accept as true any legal conclusions couched as factual allegations.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Among other complaints, Plaintiff claims that Metro filed 1099 forms on her behalf and fraudulent information returns with incorrect amounts. She also alleges that after her termination, she was not paid all amounts owed to her, including a bonus, expenses, wages, and accrued unused vacation pay. On June 27, 2020, Plaintiff filed a six-count complaint alleging: fraudulent filing of information returns with incorrect amounts (Count I), violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA") (Count II), violation of the Florida Whistleblower Act ("FWA") (Count III), defamation (Count IV), unpaid wages (Count V), and declaratory relief in connection with the ownership of a dog (Count VI).

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v.*

*Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

## Analysis

Defendants move to dismiss the complaint, arguing that Plaintiff has failed to state a claim in Count I – the sole federal claim – and that the Court should therefore decline to exercise supplemental jurisdiction over the remaining state law claims. Defendants additionally argue that Plaintiff has failed to state sufficient state law claims, and that the complaint is an improper shotgun pleading.

### *Count I*

In the motion, Defendants argue that Plaintiff has failed to state a claim for fraudulent filing of information returns. Although Plaintiff did not attach the 1099 forms to her complaint, Defendants provided these forms with their motion, and Plaintiff has not disputed their authenticity.[2] Defendants contend that the 1099 forms show that Plaintiff, as an individual, has no standing to pursue a claim against either Defendant.

---

[2] The Court "may consider a document attached to a motion to dismiss . . . if the attached document is (1) central to the plaintiff's claim and (2) undisputed." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002)). Further, federal courts regularly take judicial notice of government documents at the motion to dismiss stage. *See, e.g.*, *Smith v. Atl. Beach*, No. 3:18-cv-1459-J-34MCR, 2020 WL 708145, at *1 (M.D. Fla. Feb. 12, 2020). Where there is a contradiction between the exhibits and the pleadings, the exhibits govern. *See Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007).

Each of the 1099 forms list the same tax identification number for the recipient of the 1099 – that tax identification number belongs to "AustinMarketing LLC." As such, it is the LLC that was injured by any fraudulent tax forms rather than Plaintiff as an individual. In a strikingly similar case, the district court found that the plaintiff as an individual lacked standing and dismissed the complaint without prejudice so that plaintiff could either provide sufficient allegations or substitute in the proper party. *See Vazquez v. Joseph Cory Holdings, LLC*, 6:16-cv-1307-Orl-40TBS, 2017 WL 819919, at *4 (M.D. Fla. Mar. 2, 2017). Although Plaintiff may have individual standing if she were the sole member of the LLC, this is certainly not ascertainable from the face of the complaint.

Furthermore, the 1099 forms show that multiple entities – none of which are Metro or Ryan – issued the 1099 forms. Although Plaintiff alleges that Defendants "control" a number of closely related entities, she does not sufficiently identify these entities or describe their relationship to either Metro or Ryan. The bare allegations of the complaint are insufficient to impose any type of liability upon Defendants. *See, e.g., Brown v. Family Dollar Corp.,* No. 6:17-cv-1521-Orl-40KRS, 2018 WL 2215222, at *2 (M.D. Fla. May 15, 2018) (dismissing claims against parent company where plaintiff only alleged ownership and control with no additional facts to establish that the subsidiary was a mere instrumentality or alter ego of the parent company); *Garcia v. Kashi Co.*, 43 F. Supp. 3d 1359, 1394-95 (S.D. Fla. 2014) (same). Consequently, Count I is due to be dismissed.

The Court will grant Plaintiff the opportunity to file an amended complaint to cure these deficiencies. Because the Court is dismissing Count I with leave to

amend, it does not reach Defendants' arguments as to Counts II, III, IV, V, or VI. The motion is therefore denied without prejudice as to these grounds, and Defendants may raise these arguments again should Plaintiff file an amended complaint that confers jurisdiction upon this Court.

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendants' Motion to Dismiss Complaint" (Doc. 10) is hereby **GRANTED IN PART** and **DENIED IN PART**.

2. The motion is **GRANTED** as to Count I.

3. Because the Court is dismissing Count I with leave to amend, it does not reach Defendants' arguments as to Counts II, III, IV, V, or VI.  The motion is therefore **DENIED WITHOUT PREJUDICE** as to these grounds.

4. Plaintiff is directed to file an amended complaint on or before September 30, 2020.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>16th</u> day of September, 2020.

 

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**