UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEN AUSTIN,

    Plaintiff,

v.                                            Case No.  8:20-cv-1472-T-60TGW

METRO DEVELOPMENT GROUP, LLC,
And JOHN RYAN,

    Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**

This matter is before the Court on "Defendants, 301 Cypress Creek, LLC, Cypress Creek 2, LLC, Epperson Club, LLC, Epperson Ranch, LLC, North Brook Holdings, LLC, Waterleaf, LLC, Goldenranch Property, LLC, Dune FL Land I LLC, Dune FB, LLC, GTIS I VGC, LP, CR Pasco Development Co, LLC, Hawk Land Investors New, LLC, Dune FB Debt, LLC, Dune FL Land I Sub, LLC, GTIS Metro DG, LLC, and Hawk Holdings, LLC's Motion to Dismiss," filed by counsel on November 30, 2020.  (Doc. 61).  On December 14, 2020, Plaintiff filed a response in opposition.  (Doc. 67).  After reviewing the motion, response, court file, and the record, the Court finds as follows:

## Background[1]

In 2014, Plaintiff Jen Austin began working for Defendant Metro Development Group, LLC ("Metro") as its marketing director. According to Plaintiff, she was directed by Chief Executive Officer John Ryan to form an LLC to work for Metro and collect compensation. She generally alleges that Metro and its related entities improperly classified her as an independent contractor rather than an employee. Among other complaints, Plaintiff claims that Metro and its related entities filed 1099 forms on her behalf and fraudulent information returns with incorrect amounts. She also alleges that after her termination, she was not paid all amounts owed to her, including a bonus, expenses, wages, and accrued unused vacation pay.

On June 27, 2020, Plaintiff Jen Austin filed a six-count complaint. (Doc. 1). On September 16, 2020, the Court granted a motion to dismiss and dismissed Count I, with leave to amend. (Doc. 20). On September 30, 2020, Plaintiffs Jen Austin and Austin Marketing, LLC filed an amended complaint to correct the deficiencies identified by the Court. (Doc. 21). The amended complaint sets forth five claims: fraudulent filing of information returns with incorrect amounts (Count I), violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA") (Count II), violation of the Florida Whistleblower Act ("FWA") (Count III), defamation (Count

---

[1] The Court accepts the well-pleaded facts in the amended complaint as true for purposes of the pending motion to dismiss, but it does not accept as true any legal conclusions couched as factual allegations. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

IV), and unpaid wages (Count V). The instant motion to dismiss only seeks the dismissal of Count I.

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

## Analysis

Defendants 301 Cypress Creek, LLC, Cypress Creek 2, LLC, Epperson Club, LLC, Epperson Ranch, LLC, North Brook Holdings, LLC, Waterleaf, LLC, Goldenranch Property, LLC, Dune FL Land I LLC, Dune FB, LLC, GTIS I VGC, LP, CR Pasco Development Co, LLC, Hawk Land Investors New, LLC, Dune FB Debt, LLC, Dune FL Land I Sub, LLC, GTIS Metro DG, LLC, and Hawk Holdings, LLC's (collectively, "Defendants" or "related entity Defendants") move to dismiss Count I of the amended complaint, arguing that Plaintiffs have failed to state a claim for relief in Count I.

### *Plaintiff Jen Austin's Fraudulent Filing Claims Against Related Entities*

In the motion, Defendants argue that Plaintiff Jen Austin has failed to state a claim for fraudulent filing of information returns. Although Austin did not attach the 1099 forms to her complaint or the amended complaint, these forms were attached to a prior motion (Doc. 10-1), and Austin has not disputed their authenticity.[2] Defendants contend that the 1099 forms show that Austin, as an individual, has no standing to pursue a claim against any of the related entity Defendants.

---

[2] The Court "may consider a document attached to a motion to dismiss . . . if the attached document is (1) central to the plaintiff's claim and (2) undisputed." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002)). Further, federal courts regularly take judicial notice of government documents at the motion to dismiss stage. *See, e.g.*, *Smith v. Atl. Beach*, No. 3:18-cv-1459-J-34MCR, 2020 WL 708145, at *1 (M.D. Fla. Feb. 12, 2020). Where there is a contradiction between the exhibits and the pleadings, the exhibits govern. *See Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007).

Each of the 1099 forms list the same tax identification number for the recipient of the 1099 – that tax identification number belongs to "AustinMarketing, LLC." As the Court explained in its prior Order, it is the LLC that was injured by any fraudulent tax forms rather than Austin as an individual. (Doc. 20). In a strikingly similar case, the district court found that the plaintiff as an individual lacked standing and dismissed the complaint without prejudice so that plaintiff could either provide sufficient allegations or substitute in the proper party. *See Vazquez v. Joseph Cory Holdings, LLC*, 6:16-cv-1307-Orl-40TBS, 2017 WL 819919, at \*4 (M.D. Fla. Mar. 2, 2017); *see also Baker v. Batmasian*, 730 F. App'x 776, 779-80 (11th Cir. 2018) (holding that a cause of action under 26 U.S.C. § 7434 belongs to the person or entity to whom the payments were made on the allegedly fraudulent tax form).

It appears that with the filing of the amended complaint, Austin intended to substitute the proper party – Austin Marketing, LLC – in this count. However, Austin also attempts to assert a claim in her individual capacity, alleging that she has personally suffered damages. Austin – as an individual – does not have standing to pursue this claim against the related entity Defendants because the allegedly fraudulent information returns purport that payments were made to Austin Marketing, LLC, and not to Jen Austin. *See id.* at 779-81*; Vazquez,* 2017 WL 819919, at \*4. As a result, Austin – as an individual – cannot state any claims under 26 U.S.C. § 7434 against these Defendants. The motion to dismiss is

therefore granted as to Jen Austin's claims against the related entity Defendants in Count I.  The claim remains pending as to Plaintiff Austin Marketing, LLC.

### *Misclassification as Independent Contractor as Basis for § 7434 Claim*

Defendants contend that the misclassification of an employee as an independent contractor and the issuance of an incorrect tax form based on this misclassification is insufficient to state a claim under § 7434.  Defendants do not cite to any binding case law to support their proposition, and it appears that the Eleventh Circuit has not yet addressed this issue.  *See Baker*, 730 F. App'x at 780 n.8 ("Because [the plaintiff] is not the person to whom the information return purports payments were made, we need not reach the issue of whether § 7434 would otherwise authorize a suit for misclassification of one's employment status.").

However, the Court need not determine whether a plaintiff may assert a § 7434 claim based on the alleged misclassification of employment status.  In the amended complaint, it is alleged that Defendants willfully filed fraudulent 1099 forms based on their intentional misclassification of Austin as an independent contractor rather than employee *and* misstated the amounts of money actually paid to Austin and/or Austin Marketing, LLC.  These allegations, at this stage of the proceedings, are sufficient to state a claim.  *See Kinne v. IMED Health Products, LLC*, No. 18-62183-Civ-Scola, 2019 WL 2866787, at *4 (S.D. Fla. July 3, 2019).  The motion to dismiss is denied as to this ground.

*Sufficiency of Allegations as to Fraudulent Tax Forms*

In the motion, Defendants argue that Plaintiffs have failed to allege how certain tax forms issued by the related entity Defendants were fraudulent. With respect to Defendants Dune FL Land I Sub, LLC and Hawk Holdings, Defendants contend that Plaintiffs have failed to identify any tax form issued by these entities that was incorrect. Upon review of the amended complaint, the Court finds that Count I is sufficiently pled as to Defendants Dune FL Land I Sub and Hawk Holdings. Specifically, the amended complaint includes allegations that the related entity Defendants, which include Dune FL Land I Sub and Hawk Holdings, are a "mere instrumentality" of Metro, and that there is such a unity of interest that separate personalities do not exist. These allegations are sufficient to state claims against Dune FL Land I Sub and Hawk Holdings even if the entities themselves did not issue any tax forms to Austin Marketing, LLC.

Defendants further contend that the amended complaint does not include any allegations regarding any allegedly fraudulent tax forms issued by some of the other related entity Defendants for certain tax years. It appears to the Court that the amended complaint sufficiently states a claim by listing the entity, the compensation allegedly earned, and the compensation listed on the 1099 forms for 2017, 2018, and 2019. *See* (Doc. 21 at 27-29). The motion to dismiss is denied as to these grounds.

*Claims Against Epperson Ranch, LLC, North Brook Holdings, LLC, Waterleaf, LLC, Goldenranch Property, LLC, and GTIS Metro DG, LLC based on 2017 1099 forms*

Defendants argue that Plaintiffs have failed to assert any claim against Epperson Ranch, LLC, North Brook Holdings, LLC, Waterleaf, LLC, Goldenranch Property, LLC, and GTIS Metro DG, LLC based on the 1099 forms issued in 2017 because Plaintiffs admit that the 1099 forms correctly state the amount of the payments made. Based on the allegations of the amended complaint and the response in opposition, Plaintiffs do not appear to allege claims based on incorrect 1099 forms for the 2017 tax year. As a result, the motion to dismiss is denied as moot as to this ground.

*Claims Against Dune FL Land I Sub, LLC and Dune FB Debt, LLC for Failure to File Tax Forms*

In the motion, Defendants contend that claims against Dune FL Land I Sub, LLC and Dune FB Debt, LLC must be dismissed because § 7434 only prohibits the filing of a fraudulent tax form; there is no violation for an alleged failure to file a required information form. The Court agrees. *See* 26 U.S.C. § 7434(a) ("If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return."); *Butler*, 459 F. Supp. 3d at 105-06 (explaining that the text of § 7434 does not encompass the alleged failure to file a required information return). Here, it is alleged that Dune FB Debt LLC and Dune FL Land Sub I LLC failed to file any 1099 form despite providing

compensation. (Doc. 21 at 27). This conduct does not constitute a violation of § 7434. The motion to dismiss is granted as to this ground.

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. Defendants' motion to dismiss (Doc. 61) is hereby **GRANTED IN PART** and **DENIED IN PART**.

2. The motion is **GRANTED** to the extent that Plaintiff Jen Austin's claims in Count I are dismissed.

3. The motion is **FURTHER GRANTED** to the extent that the claims in Count I against Defendants Dune FL Land I Sub, LLC and Dune FB Debt, LLC for failure to file a required information return are **DISMISSED WITH PREJUDICE**.

4. The motion is otherwise **DENIED**.

5. Defendants are directed to file an answer on or before January 13, 2021.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 29th day of December, 2020.

_____
**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**