# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

JEN AUSTIN, Individually
and AUSTINMARKETING, LLC,

      Plaintiff,

v.                                        Case No: 8:20-cv-1472-KKM-TGW

METRO DEVELOPMENT GROUP,
LLC, JOHN RYAN, an Individual,
301 CYPRESS CREEK, LLC; CYPRESS
CREEK 2, LLC; EPPERSON CLUB,
LLC; EPPERSON RANCH, LLC;
NORTH BROOK HOLDINGS, LLC,
WATERLEAF, LLC; GOLDENRANCH
PROPERTY, LLC; DUNE FL LAND I
LLC; DUNE FB, LLC; GTIS I VGC, LP;
CR PASCO DEVELOPMENT CO, LLC;
HAWK LAND INVESTORS NEW, LLC;
DUNE FB DEBT, LLC; DUNE FL
LAND I SUB, LLC; GTIS METRO DG,
LLC; HAWK HOLDINGS, LLC;

      Defendants.

_____/

## <u>ORDER</u>

      Before the Court is Defendants Dune FL Land I Sub, LLC,[1] and Dune FB Debt

LLC's Motion for Entry of Final Judgment Pursuant to Rule 58(d). (Doc. 85).

Defendants assert that the Court's Order dated December 29, 2020, (Doc. 75), (Order)

---

[1] Defendants' Motion asks for relief on behalf of Dune Land Sub I, LLC, which is not a party to this lawsuit. Undersigned construes this as a motion on behalf of Dune FL Land I Sub, LLC.

denied all relief sought against them, so judgment should be entered under Federal Rule of Civil Procedure 54(b)(1)(c).

Defendants' requested relief is not warranted for several reasons. First, there is no Federal Rule of Civil Procedure 54(b)(1)(c). Under Local Rule 3.01, a motion must include "a statement of the basis of the request," to which an accurate reference of the governing rule is essential. But even under Rule 54(b), which governs the entry of final judgment where there is more than one claim, Defendants' requested relief is unwarranted. Fed. R. Civ. P. 54(b) ("When an action presents more than one claim for relief . . . , the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties *only if the court expressly determines that there is no just reason for delay*." (emphasis added)). The Amended Complaint alleges that Metro Development Group, LLC, and the other defendants are so closely related as to be considered a single entity and jointly liable. (Doc. 21, at 17–19). There are astounding questions of liability, and Defendant is not entitled to an entry of judgment at this time.

Accordingly, Defendants' Motion for Entry of Final Judgment, (Doc. 85), is **DENIED without prejudice**.

**ORDERED** in Tampa, Florida, on February 15, 2021.

Kathryn Kimball Mizelle
United States District Judge