UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEN AUSTIN, Individually
and AUSTIN MARKETING LLC

    Plaintiffs,

v.                                                              Case No. 8:20-cv-1472-KKM-TGW

METRO DEVELOPMENT GROUP,
LLC, et al

    Defendants.
_____/

## ORDER

Before the Court is Defendants' Motion for Relief from Order Pursuant to Rule 60(b)(6) (Doc. 91), and Plaintiff's response (Doc. 92). In their motion, Defendants ask this Court to set aside a portion of its order denying Defendant's Motion to Compel entered on December 21, 2020. (Doc. 69). Defendants frame this as a motion for reconsideration, but a Rule 60(b) motion is not a vehicle for reconsideration of any court order. Rule 60(b) states that "the court may relieve a party . . . from a *final* judgment, order, or proceeding." Fed. R. Civ. P. 60(b) (emphasis added). "Final" modifies "judgment, order, or proceeding," so Rule 60(b) provides relief only from a final order. *See* Antonin Scalia & Bryan Garner, *Reading Law: The Interpretation of Legal Texts* 147–49 (2012) (defining the series-qualifier canon of interpretation as "[w]hen there is a straightforward, parallel construction that involves all nouns or verbs in a

series, a prepositive or postpositive modifier normally applies to the entire series"); *United States v. Gumbs*, 964 F.3d 1340, 1347–48 (11th Cir. 2020) (Luck, J.) (applying the series-qualifier canon "as a matter of grade-school grammar" to statutory text); *see also* 12 James Wm. Moore et al., Moore's Federal Practice § 60.23 ("[A]ll courts readily agree that a 'final' judgment is needed to support a Rule 60(b) motion.").

Defendants correctly note that this request would be untimely if they had requested the same relief by filing an objection to the Magistrate Judge's order entered on December 21, 2020. *See* Fed. R. Civ. P. 72(a) ("A party may serve and file objections to the order within 14 days after being served a copy."). To the extent the Defendants' motion can be construed as one challenging a non-final order, *see* Fed. R. Civ. P. 54(b) (permitting a court to revise non-final orders "at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities"), the Court declines to grant such relief since the same issues could have been timely raised during the fourteen-day objection period after the issuance of the Magistrate Judge's order. *See Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993) (committing motions for reconsideration of non-final orders to the "sound discretion of the district judge" and applying an abuse of discretion standard on appeal).

Accordingly, the Defendants' Motion for Relief from Order Pursuant to Rule 60(b)(6) (Doc. 91) is **DENIED**.

**ORDERED** in Tampa, Florida, on March 25, 2021.

_Kathryn Kimball Mizelle_
Kathryn Kimball Mizelle
United States District Judge